UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-96-1 |
| | § | |
| ABEL LOPEZ | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO RECONSIDER SENTENCE**

On June 26, 2014, the Court sentenced Defendant Abel Lopez to 180 months custody in the Bureau of Prisons.[1] After the sentencing hearing, Defendant Lopez filed the pending Motion to Reconsider Sentencing. (D.E. 144). Having considered the motion, the Government's Response (D.E. 187) and the applicable law, Defendant's Motion to Reconsider Sentencing is **DENIED** for the reasons set forth below.

**I.     Defendant's Motion to Reconsider Sentencing**

The motion states in its entirety as follows:

> Comes now, Abel Lopez, and requests reconsideration on the sentence running consecutively on Counts 1 and 10 and asks the Court to reconsider and lower the sentence alternatively at 150 months pursuant to 5G 1.2(d).
>
> Such reconsideration for the Defendant's waiver of his right to appeal, his acceptance of responsibility and his plea of guilty would still respect and be in accordance with the factors set forth under 3553(a).

---

[1] The Defendant received 60 months custody on Count 1s, and 120 months custody on Count 10s, to be served consecutively to Count 1s. The Court also imposed a three year term of supervised release and a $100 special assessment for each count of conviction. (D.E. 165).

As an initial matter, the Court considered Defendant's waiver of certain appellate rights[2] and his acceptance of responsibility when imposing the sentence in this case. The Court also purposefully chose to impose consecutive sentences for each count of conviction. (D.E. 165, p. 2). The Court imposed a sentence sufficient, but not greater than necessary, to comply with the sentencing factors set forth in Title 18, United States Code, Section 3553.

## II. Authority to Modify or Correct a Previously Imposed Sentence

Even if Defendant had raised matters not considered at the sentencing hearing, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir.1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the Court orally announced sentence); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. *See* § 3582(c). Defendant fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence and his motion is **DENIED.**

ORDERED this 22nd day of August, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[2] Paragraph 7 of the Memorandum of Plea Agreement includes a waiver of the defendant's right to appeal both the conviction and sentence and the right to file a motion to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255. (D.E. 74, p. 5).