United States District Court
Southern District of Texas
**ENTERED**
August 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-96-1 |
| | § | |
| ABEL LOPEZ | § | |

## ORDER

On June 7, 2016, the Clerk received Defendant/Movant Abel Lopez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 207. Two months earlier, on April 4, 2016, Movant had appealed the Court's Amended Judgment (D.E. 165), and his appeal was pending before the Fifth Circuit at the time he filed his § 2255 motion. Therefore, this Court dismissed Movant's § 2255 motion as premature on June 10, 2016. D.E. 209, 210. Dismissal was without prejudice to refiling once Movant's appeal was complete. *Id.*

On June 27, 2016, Movant appealed the Court's June 10, 2016 Order. D.E. 212. Then on August 15, 2016, Movant filed a Motion for Certificate of Appealability and/or Reconsideration of Order Dated June 10, 2016 (D.E. 215). Because the appeal of the June 10, 2016 Order is still pending, this Court is without authority to *grant* Movant's motion to reconsider. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (citing *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 949 (5th Cir. 1995)) ("Once the notice of appeal has been filed, while the district court may *consider* or *deny* a Rule 60(b) motion (filed more than ten days after entry of the judgment), it no

longer has jurisdiction to *grant* such a motion while the appeal is pending.") (emphasis in *Shepard*). The Court finds that jurists of reason would not find it debatable whether the Court was correct in its procedural ruling that Movant's § 2255 motion was premature based on his pending appeal. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1] Accordingly, Movant's Motion for Certificate of Appealability and/or Reconsideration of Order Dated June 10, 2016 (D.E. 215) is **DENIED**.

However, the Fifth Circuit recently dismissed as frivolous Movant's April 4, 2016 appeal regarding the Amended Judgment. *See United States v. Lopez*, No. 16-40511 (5th Cir. Aug. 1, 2016). Movant's § 2255 motion (D.E. 207) is therefore reinstated, and the Clerk is instructed to reopen Case No. 2:16-CV-208.

The Court has reviewed Movant's § 2255 motion and concludes that summary dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules") is inappropriate. Accordingly, it is **ORDERED** that the United States answer the § 2255 motion not later than sixty days after the entry of this Order. It is further **ORDERED** that the United States file with the Clerk, at or before the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

---

[1]. Movant claims his § 2255 motion was not premature because his April 4, 2016 appeal only appealed the forfeiture judgment, and not his criminal conviction and sentence. However, Movant's construed notice of appeal did not mention the forfeiture judgment, but instead asked the Court to "make the miracle of my appeal happen and to be able to tell the truth," and included several certificates of completion for various prison courses, an email complaining that trial counsel lied to him and that he cannot get in touch with appellate counsel, a copy of a retainer agreement with The Sanchez Law Firm, and a photograph of his wife and daughters.

Pursuant to Rule 5(d) of the 2255 Rules, Movant may file a reply not later than thirty days after service of the Government's answer.

ORDERED this 24th day of August, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE