UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-96 |
| | § | CIVIL NO. 2:16-208 |
| ABEL LOPEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Abel Lopez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 207.[1] Pending before the Court is the United States of America's (the "Government") motion to dismiss seeking to enforce Movant's waiver of his right to file the present motion (D.E. 234), to which Movant responded (D.E. 238). Movant also filed a motion to expand the record (D.E. 239) and a motion for leave to file a supplemental brief and amended claim (D.E. 241). For the reasons stated herein, the Government's motion to dismiss is **GRANTED**, and Movant's § 2255 motion, motion to expand the record, and motion for leave to amend are **DENIED**.

## I. BACKGROUND

This action arises from Movant's participation in a conspiracy to recruit straw purchasers to buy firearms—primarily assault rifles—from dealers in the United States and to illegally export those weapons to Mexico. Movant directed others within the

---

[1]. Docket entries refer to the criminal case.

1 / 11

conspiracy by transporting and accompanying straw purchasers to stores to purchase firearms and also delivered firearms to others for shipment to Mexico.

On April 1, 2014, Movant pled guilty, before the Magistrate Judge, to conspiring to export firearms illegally in violation of 18 U.S.C. §§ 371 & 554 (Count 1) and to illegally possessing a firearm as an alien unlawfully present in the United States in violation of 18 U.S.C. § 922(g)(5) (Count 10). In exchange for his guilty plea, the Government agreed to recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of the plea agreement, Movant waived his right to appeal his sentence or file a motion under 28 U.S.C. § 2255. D.E. 74 ¶ 7.[2]

At rearraignment, Movant affirmed under oath that he had a copy of the indictment and that he understood the nature of the charge, the elements of the offense, the penalty range for the offense, his right to plead not guilty and proceed to trial, and the terms of the written plea agreement, including the waiver of his right to appeal or collaterally attack his conviction or sentence contained in his plea agreement. D.E. 191,

---

[2]. The waiver provision read:

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. §3742(b). *Additionally, the defendant is aware that 28 U.S.C. §2255 affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.*

*Id.* (emphasis added).

4/1/2014 Hrg. Tr. at 4:15-20, 6:2–8:21, 9:4–10:11, 12:21–13:19, 14:8–17:12. He testified that he had discussed the case with counsel, including the plea agreement, and that he understood the plea agreement's terms. *Id.* at 6:2–8:21. He further testified that he was pleading guilty voluntarily and was not promised leniency in exchange for his guilty plea. *Id.* at 12:20–14:7. The Magistrate Judge accepted Movant's guilty plea after being satisfied that he was competent to enter a plea, there was a factual basis for the plea, he understood the consequences of entering a plea, and he was voluntarily and knowingly pleading guilty. *Id.* at 24:3-9. This Court accepted the Magistrate Judge's Findings and Recommendation on Plea of Guilty and ordered the Probation Office to prepare a Presentence Investigation Report (PSR).

The PSR assigned Movant a base offense level of 20 because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and Movant was a prohibited person, an undocumented alien. His offense level was increased by a total of 20 additional levels because the offense involved 30 firearms; at least one of the firearms had an altered or obliterated serial number; Movant engaged in the trafficking of firearms with the knowledge, intent, or reason to believe that they would be transported outside the United States; and Movant was a manager/supervisor and the conspiracy involved five or more participants. He was given a three-level adjustment for acceptance of responsibility. The resulting advisory guideline range for Level 37, Criminal History Category II, was 235–293 months' imprisonment. However, because Movant's offenses carried a combined 15-year maximum sentence, his advisory sentence became 180 months. *See* U.S.S.G. § 5G1.1(a). On June 29, 2014, the Court sentenced Movant to 60

months' imprisonment as to Count 1 and 120 months as to Count 10, to be served consecutively and to be followed by three years' supervised release.

Despite the appellate waiver in his plea agreement, Movant filed a notice of appeal. Appellate counsel filed a brief pursuant to *Anders* v. *California*, 368 U.S. 738 (1967), to which Movant responded. On June 17, 2015, the Fifth Circuit found that Movant presented no nonfrivolous issue for appellate review and dismissed the appeal. Movant filed the present motion under § 2255 on June 2, 2016. It is timely.

## II. MOTION UNDER 28 U.S.C. § 2255

### A. Movant's Allegations

Movant's § 2255 motion raises the following claims:

1) Movant "pleaded guilty to a statute that is void for vagueness" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), because the statute includes a "cross reference [to] 18 U.S.C. [§] 16(b)", rendering unconstitutional Movant's criminal history category and the offense-level increases because: (a) the offense involved 30 firearms, (b) Movant was involved in the trafficking of firearms, (c) Movant was a "prohibited person" at the time of the offense, and (d) some of the firearms involved in the offense had obliterated serial numbers;

2) Trial counsel "induced [Movant] to plea[d] guilty and admit his role in the offense" by "making promises that the government was going to file a motion for downward departure pursuant to 18 U.S.C. [§] 3553(e) [and] U.S.S.G. 5K1.1" after which Movant "would probably get time served"; and

3) The Government's "failure to file a [motion] for a sentence reduction . . . violate[d] [Movant's] Due Process [rights] in light of [his] cooperation" and the fact that he was "guarantee[d] a sentence reduction by the [G]overnment when he signed the [plea] agreement."

D.E. 207, pp. 4–8, 14–15.

**B. Legal Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**C. Analysis**

Movant waived his right to file a § 2255 motion by his plea agreement. "As a general matter . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself. *Wilkes*, 20 F.3d. at 343. If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced. *Id*. at 343–44.

As set forth above, the Court questioned Movant about the plea agreement at rearraignment, including the waiver of Movant's right to file a § 2255 motion. Movant

testified that he read and discussed his plea agreement with counsel before he signed it and that he understood it. He further testified that he was aware of the waiver, had discussed the waiver with counsel, and understood it.

Movant nonetheless argues that the Court should not enforce the waiver because his plea agreement "was entered involuntarily, unintelligent, and unknowing, and obtained based on ineffective assistance of counsel based on false promises." D.E. 238, p. 1. According to Movant, the only reason he pled guilty was because trial counsel misrepresented his potential sentence and promised him that the Government was going to file a motion for a sentence reduction. *Id.* p. 3. The record belies this claim. At rearraignment, Movant testified under oath that he understood he faced a possible sentence of five years on Count 1 and ten years on Count 10, and that no one had promised him what his sentence would be. 4/1/2014 Hrg. Tr. at 9:9-18, 13:25–14:7. He further stated that he understood that the Government had not promised to file a motion requesting a reduced sentence based on his purported cooperation. *Id.* at 7:12-23. Movant's plea agreement confirmed that the Government was not obligated to seek a downward departure on Movant's behalf, the Government retained sole discretion as to whether to file such a motion, and any sentencing estimate Movant had received from defense counsel was "a prediction, not a promise." D.E. 74, ¶¶ 3, 8.

The burden to demonstrate that his plea and waiver should not be enforced is on Movant. His sworn statements in open court that he understood his potential sentence, the plea agreement, and the waiver are entitled to a strong presumption of truthfulness, as are his claims that he was not promised leniency for his plea. *United States v. Lampaziane*,

251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986). Movant's plea agreement and his sworn statements preclude the relief he seeks here. The evidence before the Court supports the finding that Movant's guilty plea, including the waiver, was knowing and voluntary. The waiver is enforceable and bars his claims.

Even if Movant's motion were not barred, it has no merit. As set forth above, the Government was not obligated to file a motion for downward departure on Movant's behalf, and Movant was not promised a reduced sentence in exchange for his guilty plea. And as discussed below, *Johnson* has no effect on Movant's sentence.

Under the Armed Career Criminal Act (ACCA), a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding

italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson*, 135 S. Ct. at 2563.

Movant claims that *Johnson* also held 18 U.S.C. § 16(b) unconstitutional, which renders void his base offense level based on his status as an illegal alien, his criminal history category, and the following offense-level increases: six levels under U.S.S.G. § 2K2.1(b)(1)(C) because the offense involved 30 firearms; three levels under U.S.S.G. § 2K2.1(b)(4)(B) because at least one of the firearms had an altered or obliterated serial number; and four levels under U.S.S.G. § 2K2.1(b)(5) because Movant engaged in the trafficking of firearms. Movant appears to argue that *Johnson* voids the definition of "crime of violence" found in § 16(b), which he asserts was relevant to the enhancements applied to him. He is incorrect. While § 16(b) defines "crime of violence" in a manner that includes a residual clause similar to the one in the ACCA found unconstitutional in *Johnson*, the Fifth Circuit has held "that 18 U.S.C. § 16(b) is not unconstitutionally vague." *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc). Moreover, none of the guidelines applied in calculating Movant's sentence depended on whether a prior offense qualified as a "violent felony" or "crime of violence" pursuant to any residual clause. Thus, *Johnson* has no effect on Movant's sentence.

### III. MOTION TO EXPAND THE RECORD

Movant has filed a motion to expand the record to include his wife's affidavit and what purports to be screen shots of text messages between his wife and defense counsel. Because the additional evidence offered by Movant is irrelevant to the Court's decision, his motion to expand the record is denied.

## IV. MOTION FOR LEAVE TO AMEND CLAIM

Finally, Movant moves for leave to file a supplemental brief and amended claim in light of the Supreme Court's recent decision in *Dean v. United States*, 581 U.S. — (2017). *Dean* addressed 18 U.S.C. § 924(c), which makes it a separate offense to use or possess a firearm in connection with a violent or drug trafficking crime and carries a mandatory minimum sentence that must be in addition to and consecutive to the sentence for the underlying predicate offense. The Court considered "whether, in calculating the sentence for the predicate offense, a judge must ignore the fact that the defendant will serve the mandatory minimums imposed under § 924(c)," and held that "[n]othing in those requirements prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Dean*, 581 U.S. — at 1, 8. Because Movant was neither convicted nor sentenced under § 924(c), *Dean* has no impact on his sentence, and his motion for leave to amend is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the

habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84). As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 234) is **GRANTED**; Movant's motion to vacate, set aside, or correct sentence pursuant to 28

U.S.C. § 2255 (D.E. 207), motion to expand the record (D.E. 239), and motion for leave to amend (D.E. 241) are **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

ORDERED this 19th day of May, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE