Case 2:14-cr-00096 Document 254 Filed on 04/25/23 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 25, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:14-96-1 |
| | § | |
| ABEL LOPEZ, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Abel Lopez's Motion for Reduction in Sentence Based on Extraordinary and Compelling Reasons Under 18 U.S.C. § 3582. D.E. 253. For the reasons stated below, the motion is **DENIED**.

## I. BACKGROUND

Defendant pled guilty to illegally possessing a firearm as an alien unlawfully present in the United States and conspiracy to export firearms illegally. He has served approximately 110 months of his 180-month sentence and has a projected release date, after good time credit, of December 29, 2026. He now moves the Court to reduce his sentence to time served because both convictions were unlawful.

## II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and

compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "[T]his statutory phrase requires a prisoner to show he 'faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release." *United States v. McMaryion*, — F.4th —, 2023 WL 2658434, at *1 (5th Cir. Mar. 28, 2023) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

**III.   ANALYSIS**

Citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Defendant claims that his conviction for illegally possessing a firearm as an alien unlawfully present in the United States was invalid because he did not know that he was in the country illegally when he possessed the firearms. He further claims that his guilty plea to conspiracy to export firearms illegally was invalid because: there were errors in the Government's recitation of facts, which included hearsay statements that violated his rights under the Confrontation Clause; Defendant was clearly confused about a key element in the charge (an agreement to commit a crime other than the purchase or sale of firearms); there was insufficient evidence to sustain a conviction; the Court did not make an independent determination that there was a factual basis for his guilty plea; and there was no evidence he intended to violate the Commerce Clause.

The relief Defendant seeks is available, if at all, pursuant to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. As such, his claims are not cognizable under 18 U.S.C. § 3582(c). *See McMaryion*, 2023 WL 2658434, at *1 ("[B]ecause these claims are cognizable under 28 U.S.C. § 2255, they are not cognizable under 18 U.S.C. § 3582(c).") (citing *Escajeda*, 58 F.4th at 186–88). The Court declines to construe the motion under § 2255, however, because Defendant previously filed a § 2255 motion and has not shown that he has sought or obtained permission from the Fifth Circuit to file a second § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim)).

## IV. CONCLUSION

For the reasons stated above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction. The Court further finds that a sentence reduction would be inconsistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). Accordingly, Defendant's Motion for Reduction in Sentence Based on Extraordinary and Compelling Reasons Under 18 U.S.C. § 3582 (D.E. 253) is **DENIED**.

**ORDERED** on April 25, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE